TOLEDO SAVINGS BANK, Appellee, v. W. S. JOHNSON & COMPANY *et al.*,
Appellants.

ATTACHMENT LEVY: COSTS AND EXPENSES.

*Appeal from Tama District Court.*—HON. J. R. CALDWELL, Judge.

THURSDAY, JANUARY 25, 1894.

ACTION on four promissory notes aided by attachment. The notes aggregated, at their maturity, three thousand, seven hundred dollars. The prayer of the petition was for "judgment against said defendants for thirty-seven hundred dollars, and for costs, with eight per cent. interest after the maturity of said notes, and for attorney's fees, as provided for in said notes," etc. The recitals in the writ of attachment are, in part, that a petition has been filed claiming of the defendants "the sum of three thousand, seven hundred dollars, money due on promissory notes," and directs as follows: "Now, therefore, you are hereby commanded to attach of the goods and chattels * * * of the above named defendants * * * so much thereof as may be necessary to satisfy said amount of three thousand, seven hundred dollars, attorney's fees, and costs," etc. The property seized by virtue of the writ was of the estimated value of four thousand dollars, and consisted of a "general stock of goods, wares, and merchandise." The defendant moved the court to quash and set aside the writ of attachment for reasons to be noticed in the opinion, which the court overruled, and afterward gave judgment for the plaintiff, from which the defendants appeal.—*Affirmed.*

*W. H. Stivers* and *J. W. Willett* for appellants.

*Struble & Stiger* for appellee.

GRANGER, C. J.—I. The appellant complains of the action of the court in refusing to set aside the writ of attachment. The ground of the motion as presented in argument is that the writ is indefinite in not stating "the requisite amount of property to be attached, which must be the amount sworn to by the plaintiff in the petition to be due." Of the notes in suit but one was due at the commencement of the action, and the action as to the other notes was because of the disposition of property authorizing an attachment. The petition states that "there is now due" on the matured note one thousand dollars, and that on the unmatured notes "there will be due and payable when they mature" two thousand, seven hundred dollars, aggregating three thousand, seven hundred dollars; and this is what the appellants regard as sworn to by the plaintiff to be due. It will be seen that the writ directs the sheriff to attach property to satisfy three thousand, seven hundred dollars, "with interest, attorney's fees, and costs," and it is because of the interest, attorney's fees, and

costs that the writ is regarded as indefinite, because the amount thereof is left for the determination of the sheriff, and they are not sworn to in the petition as due the plaintiff. Chapter 1 of title 18 of the Code is "Of Attachments and Garnishments." Sections 2953 and 2954 of the Code are of that chapter, and are as follows:

"Sec. 2953. If the plaintiff's demand is founded on contract, the petition must state that something is due, and, as nearly as practicable, the amount, which must be more than five dollars in order to secure an attachment.

"Sec. 2954. The amount thus sworn to is intended as a guide to the sheriff, who must, as nearly as the circumstances of the case will permit, levy upon property fifty per cent. greater in value than that amount."

When the petition was filed no more was due than three thousand, seven hundred dollars, and there was a compliance with the provisions of section 2953. It could not at that time be known how much would become due as interest, nor what costs would accrue; and hence it was not "practicable" to include them in the amount sworn to be due. They were not due, but still they were items to be included in the judgment, and for which the attachment was to provide a means of payment. As we view the law, the sheriff in levying the writ took no notice of the interest, fees, and costs, but only of the three thousand, seven hundred dollars sworn to as due, and then he added, or was authorized to add, fifty per cent. of that amount, and from the amount thus in his hands he was to satisfy the amount sworn to as due, with the added items of interest, fees, and costs. There is little room to doubt the correctness of the conclusion. There was no error in refusing to quash the writ.

II. The return of the sheriff to the writ of attachment shows that because perishable, and to avoid such "expense as to greatly depreciate the amount of the proceeds to be realized therefrom," he sold the stock of goods, and, in addition to the regular fees allowed by law, he asked to be allowed six hundred and ninety-five dollars and twenty-five cents as "necessary expenses attending the levy and sale," which the district court allowed. The goods, after the levy, were removed to another room, at the request of the plaintiff, for greater safety, and one item of the expense is for room rent and another for a person to watch the goods day and night for twenty-nine days. The items of expense are quite numerous, the largest being for an auctioneer for fifteen days, two hundred and twenty-five dollars. Complaint is made of the allowance of the bill. We think the items are all of a class for which extra compensation could be allowed. It does seem to us that this stock of goods should have been disposed of at a much less expense to the defendants. The supply of help was very liberal, and in some cases the amounts paid. If the question were triable here anew, we should hesitate before affirming the order of approval. The evidence, however, is such that the findings below conclude us, and no good purpose is to be subserved by a discussion of the evidence to show it. The judgment is AFFIRMED.

KINNE, J., took no part.